## FRANCIS NORRIS *versus* ISAAC BLETHEN.

The plaintiff, a deputy sheriff, attached personal property and took receiptors therefor. The suit was prosecuted to final judgment, and execution issued thereon; but the property was not demanded within thirty days from the rendition of judgment. The plaintiff, under the assertion of legal right on the part of the creditor in the execution, made a payment to him in discharge of his supposed liability for the goods attached. Such payment is to be considered as made under a mistake of law and not of fact, and cannot be recovered back.

EXCEPTIONS from the District Court.

This is an action of assumpsit to recover of the defendant a sum of money, which had been paid to him by the plaintiff on account of personal property, attached by him on a writ, *David Betts* v. *Jabez Leadbetter & al.* The general issue was pleaded and joined. In proof of his claim the plaintiff called Silvanus W. Robinson, who testified that Sprague & Robinson, of which firm he was a member, were employed by the defendant to institute the said action, *Betts* v. *Leadbetter & al.*, that they caused the writ to be put into the hands of the plaintiff for service as a deputy sheriff, that as such he served said writ, and by virtue of it attached personal property and took a receiptor therefor, that in the month of October, 1833, said Sprague and Robinson brought an action for the plaintiff upon the receipt aforesaid against one Bridgham, that some time in the spring of 1835, by the express direction of the defendant, witness called upon the plaintiff, to pay for the personal property attached as aforesaid, and told him that unless he would pay one hundred dollars, the witness was directed by defendant to sue, and should sue him on account of not having the said personal property to be applied on execution, *Betts* v. *Leadbetter & al.* That subsequently, on the 31st day of March, 1835, the plaintiff paid the witness one hundred dollars for the defendant, which sum he passed to his credit, in the account of Sprague & Robinson, against him, and that he has since this suit was commenced sued him for the balance due Sprague & Robinson, after allowance on said account of said payment

of the sum of one hundred dollars aforesaid; that witness never had any communication with David Betts in relation to said demand against Leadbetter & Lane, and that within thirty days from rendition of judgment, in action of *Betts* v. *Leadbetter & al.,* the witness procured the execution therein to be put into the hands of George W. Stanley, a coroner, the office of sheriff being then vacant, that Stanley was made acquainted with the fact that plaintiff had attached personal property, and taken a receiptor therefor — that witness did not direct the coroner to make a demand upon Norris, for the personal property, but that the officer did call upon and demand the property of the receiptor — that the witness did not consider it necessary, and such was the opinion of the profession generally to make a demand upon Norris in order to make him liable for the personal property.    It was in proof that the judgment, in action of *Betts* v. *Leadbetter & al.* was rendered in S. J. Court, June Term, 1834, and it appeared by the execution and the return thereon, which were produced in evidence by the plaintiff, that no indorsement was made on said execution of the hundred dollars paid to Robinson, the witness, for the defendant, as aforesaid, and the officer did not return on said execution that he had made a demand upon the plaintiff for the personal property which he had attached as aforesaid; and no evidence was produced by the defendant that any such demand was in fact made by said officer on the plaintiff.    It was admitted that the plaintiff in his action, on his receipt of personal property, recovered only nominal damages, in consequence of not being able to prove therein a demand upon him for the personal property attached.    It was not denied that Blethen was the assignee of said judgment and had ever since the levy of the execution dealt with the property levied upon, as his own.    It appeared that said Robinson was with the coroner at the time of the levy of said execution.

Upon the foregoing facts, Redington J. who presided at the trial, ruled the action was not maintainable; whereupon a nonsuit was ordered, and the plaintiff filed exceptions to the ruling of the presiding Judge.

*Emmons*,. for the plaintiff. The plaintiff claims to recover on the following grounds :—

The money sought to be recovered in this action, was paid in ignorance of the facts, and without any just claim on the part of the person for whose benefit the payment was made. A demand, though not made on him, might have been made on the sheriff, and that 'would have been binding. *Phillips* v. *Bridge*, 11 Mass. R. 247 ; *Norris* v. *Bridgham*, 14 Maine R. 429. It is not enough that the facts might have been known ; the party paying must know them himself, else he is not prevented from recovering. *Waite* v. *Leggett*, 8 Cow. 195 ; *May* v. *Coffin*, 4 Mass. R. 342 ; *Warder* v. *Tucker*, 7 Mass. R. 452 ; *Freeman* v. *Boynton*, 7 Mass. R. 487 ; *Haven* v. *Foster*, 9 Pick. 112 ; *Bize* v. *Bartenshlag*, 1 T. R. 287 ; *Lazell*. v. *Miller*, 15 Mass. R. 207 ; *Union Bank* v. *U. S. Bank*, 3 Mass. R. 74.

The money was paid by compulsion. The plaintiff had sued Bridgham, and could not maintain that suit unless he admitted his own liability ; and he did not know but that the liability of the sheriff had been fixed. Actual violence is not necessary to constitute *duress*. *Chase* v. *Dwinal*, 7 Greenl. 134 ; *Astley* v. *Reynolds*, 2 Strange, 916 ; Dane's Abr. c. 180, art. 7.

The money being paid under a misapprehension of the rights and obligations of the parties, may be recovered back. 1 Story's Eq. 144.

The suit is brought against the proper party. None could have been maintained against Robinson. Story's Agency, 464 ; 1 Camp. 379 ; *Passmore* v. *Mott*, 2 Bin. 201 ; Bull. N. P. 133 ; *Sadler* v. *Evans*, 4 Burr. 1984.

*Wells*, for the defendant. Money paid with a full knowledge of the facts, cannot be recovered back. *Norton* v. *Marden*, 15 Maine R. 45. If money be paid under the threat of a suit, it cannot be recovered back. *Chase* v. *Dwinal*, 7 Greenl. 134 ; *Gilpatrick* v. *Sayward*, 5 Greenl. 465 ; *Mariot* v. *Hampton*, 7 D. & E. 269. Betts being the party to the

record, the money must be considered as paid to him. *Freeman* v. *Cram*, 13 Maine R. 255 ; *Dennett* v. *Nevens*, 7 Greenl. 399.

The opinion of the Court was delivered by

SHEPLEY J. — The plaintiff, to avoid a suit, voluntarily paid to the attorneys of the defendant, under the assertion of a supposed legal right, the amount now reclaimed. He must have known whether a demand had been made upon him for the property attached on the original writ within thirty days after the judgment. It was recovered at the June term of this Court, 1834, and if a demand had been made upon the sheriff within the thirty days, it must be presumed, that he would have notified his deputy in season and long before he paid the money on the thirty-first of March, 1835. There is no proof, that the payment was made under a misapprehension, that such a demand had been made upon the sheriff, or under any mistake of facts. The parties appear to have acted, however, under a mistake of the law, the plaintiff supposing that upon the known facts he was obliged to pay to the creditor the value of the property attached, and the party in interest, that he was entitled to call upon him to make the payment. The general rule in such case is, that the person paying is not entitled to reclaim the money paid. Although there may be found in the works of elementary writers many reasons, and in the reported cases some decisions to the contrary, the remark made in *Norton* v. *Marden*, 15 Maine R. 45, that it was well settled, that money paid under a mistake of the law could not be reclaimed, was fully justified. Mr. Justice Story says, it may be affirmed of the rule, " that the exceptions to it are few and generally stand upon some very urgent pressure of circumstances." 1 Com. on Eq. c. 5, § 137. This case does not come within any of the received exceptions. It cannot be considered as a payment by compulsion. *Chase* v. *Dwinal*, 7 Greenl. 134. It may be admitted, that it can be classed among what are sometimes called hard cases ; such as the loss of a debt, when one through ignorance of the law releases one of two joint

obligors, or a loss by an indorser, who has no claim on any one responsible, and pays a bill, from which he was by law discharged, having a full knowledge of the facts. Decisions, which in accordance with the principles of law produce such results are not liable to the charge of being unjust. The claims of justice can only be answered by judicial tribunals proceeding upon well established rules, without accommodating them to cases of hardship, whether apparent or real. One may suffer serious loss through ignorance of the law and of his rights, and yet have no just cause to charge the law with injustice for not protecting him against it, or relieving him from it.

*Exceptions overruled.*